IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RACHEL HARRIS,[1] | § | |
| | § | No. 390, 2014 |
| Respondent Below- | § | |
| Appellant, | § | Court Below: Family Court of |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | File Nos. CN12-06108; |
| MEREDITH HARRIS, et al., | § | CN11-04539 |
| | § | Petition Nos. 12-35688; |
| Petitioners Below- | § | 12-31371 |
| Appellees. | § | |
| | § | |

Submitted: March 4, 2015
Decided: March 04, 2015

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

The appellant in this case is the mother of two children for whom the Family Court appointed two permanent guardians: (1) the father of the mother and thus the children's maternal grandfather; and (2) the maternal grandfather's wife, who is not a blood relative of the two children (the step-grandmother). On this appeal, the sole argument made by the appellant is that the step-grandmother was not eligible to be a guardian of the children because the statute in place at the time the guardianship application was filed required her to be a blood relative or a qualified foster parent meeting certain criteria. But, in her opening brief, the mother fails to

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

acknowledge that before the Family Court resolved the case, the General Assembly had amended the relevant statute[2] to remove the blood relative requirement. The amendment also allows a guardian to be appointed a permanent guardian,[3] and the maternal grandfather's wife had been appointed a guardian in prior proceedings. Her failure to acknowledge this development is regrettable, as is her failure to grapple with it by addressing the statutory arguments made in the answering brief of the maternal grandfather and step-grandmother.

Perhaps most important, the mother does not dispute the well-reasoned and well-supported findings of the Family Court that the mother is not capable of caring for the children adequately and that the grandfather and step-grandfather are well-equipped and well-motivated to be effective and caring guardians. Given the record before it, the Family Court did what was best for the children within the statutory discretion granted to it by the General Assembly in the revised Act. What would have been error would have been for the Family Court to have failed to use the full statutory flexibility it was given to shape a guardianship order consistent with the statute's primary focus—the best interests of the children.[4] For these

---

[2] 13 *Del. C.* § 2351 (2014); *see also* 2014 Del. Laws Ch. 246.
[3] 13 *Del. C.* § 2353(a)(4).
[4] *Cf. Friant v. Friant*, 553 A.2d 1186, 1190 (Del. 1989) ("The long established rule in Delaware is that the best interests of the child is the primary concern in matters of custody.").

reasons, we affirm the Family Court on the basis of its opinion and implementing order of April 22, 2014.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice